NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEAL A. COWE, <br><br>Plaintiff, <br><br>v. <br><br>ALL-TIME AUTO BODY, *et al.*, <br><br>Defendants. | Civil Action No. 24-9803 (RK) (JBD) <br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon review of Plaintiff's Complaint, (ECF No. 1 ("Compl.")), and three Motions to Dismiss. (*See* ECF Nos. 4, 6, 7.) On October 15, 2024, *pro se* Plaintiff Neal A. Cowe ("Plaintiff" or "Cowe") filed a complaint against three automotive repair shops (All-Time Auto Body, J.E. Auto Works, and Old Time Automotive), three law firms (Burke & Potenza; McElroy, Deutch, Mulvaney & Carpenter, LLP ("McElroy Deutsch"); and Riker, Danzig, Scherer, Hyland, Perritti ("Riker Danzig")), and NRS Lifespan, a healthcare provider. (*See generally* Compl.) All three law firm defendants have filed Motions to Dismiss. (*See* ECF No. 4; ECF No. 6; ECF No. 7.) Plaintiff filed a combined Opposition to all three Motions (ECF No. 14) and replies were filed by Riker Danzig (ECF No. 16), and McElroy Deutsch (ECF No. 17). NRS Lifespan answered the Complaint.[1] (ECF No. 19.)

Despite the many filings in only the first two months of this case, the Court, upon its own review, finds that the Complaint fails to put Defendants on proper notice of the allegations levied

---

[1] NRS Lifespan's Answer also contains two cross-claims, one for contribution and one for indemnification, as well as an "Answer to Crossclaim," even though no other parties have brought any cross-claims against this Defendant. (ECF No. 19 at 4.) On December 17, 2024, J.E. Auto Works attempted to file an Answer (ECF No. 22), though the Clerk's office rejected the submission because J.E. Auto Works, a corporation, filed without counsel. (Docket Entry dated December 17, 2024.)

against them, as is required by Federal Rule of Civil Procedure ("Rule") 8. Therefore, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.** As a result of the Complaint's dismissal, the pending Motions to Dismiss are moot.

Rule 8 requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States*, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 246 (3d Cir. 2013)).

This Court may, *sua sponte*, dismiss a complaint for failure to comply with Rule 8. *Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014). Such dismissal is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised." *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Here, Plaintiff's Complaint is far from "simple, concise, [or] direct." *See* Fed. R. Civ. P. 8(d)(1). The first page of the Complaint lists six causes of action: (1) Breach of Contract; (2) Negligence; (3) Professional Malpractice; (4) Medical Malpractice; (5) Legal Malpractice; and (6) "Set Aside Summary Judgment." (Compl. at 1.) Plaintiff draws no connections between these

causes of action, specific facts, or specific defendants. Although the Complaint is split into seven "counts," it is unclear to the Court whether these counts correspond to specific legal causes of action, allegations related to different defendants, or separate factual incidents. Some of the Defendants are mentioned by name only a few times, alongside other persons who have not been made party to the present case. Defendant McElroy Deutsch, for example, is mentioned just four times in the Complaint's 141 paragraphs: once under Count I (Compl. ¶ 27), and three times under Count V (*Id.* ¶¶ 86, 87, 100). Defendant Riker Danzig is mentioned only six times: three times under Count I (*Id.* ¶¶ 21, 32, 33), twice under Count V (*Id.* ¶¶ 93, 97), and twice under Count VI (*Id.* ¶¶ 104, 124). These haphazard references to Defendants that are disconnected from any specific cause of action make it impossible to give Defendants "fair notice" of the claims asserted and the grounds upon which those claims rest. *See Twombly*, 550 U.S. at 555.

The Complaint also cites many documents that appear to be part of the factual record of a prior case, though none of this material is appended to the Complaint and Court has no access to any of these documents. (*See, e.g.*, Compl. ¶¶ 15, 17, 20, 22, 30, 32, 63, 69, 81.) Plaintiff's narrative heavily references the prior case and the facts of that case, but does not make clear where the recitation of the former litigation ends and the allegations of the present case begin.[2] Put simply, the Court cannot ascertain any particular claims stated against any particular defendants, and district courts "are not required to conjure up questions never squarely presented to them." *Gear v. New Jersey*, 2024 WL 3293147, at *1 (D.N.J. July, 3, 2024). Furthermore, while the Complaint plainly fails to comply with Rule 8, Plaintiff is put on notice that the Complaint could very well be dismissed on other grounds, such as failure to state a claim under Rule 12(b)(6), claim or issue

---

[2] Without deciding the issue, the Court notes that such pervasive references to a previous case (which was itself decided on summary judgment) regarding the same facts and similar parties, could indicate that the present case is subject to collateral estoppel or res judicata. *See In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997).

3

preclusion, or various jurisdictional bases.

Ultimately, in its current form, the "true substance [of the Complaint], if any, is well disguised." *See Muhammad*, 574 F. App'x at 74. Therefore, the Court provides Plaintiff with an opportunity to amend his Complaint within thirty (30) days to set forth the facts and claims against each defendant, in accordance with Rule 8. Defendants may re-file their motions to dismiss or choose to answer the amended complaint after it is filed.

**IT IS** on this 2nd day of January, 2025, **ORDERED** that:

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND;** and

2. Defendants Motions to Dismiss (ECF Nos. 4, 6, 7) are **DENIED AS MOOT;** and

3. Plaintiff shall file an Amended Complaint within thirty (30) days of this Order; and

4. Plaintiff's failure to file an Amended Complaint within thirty (30) days of this Order will require Plaintiff to seek leave to amend from the Court, pursuant to Rule 15(a); and

5. Defendants may re-file their motions to dismiss, file new motions to dismiss, or file answers upon Plaintiff's filing of his Amended Complaint.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**