NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEAL A. COWE,

    Plaintiff,

    v.

ALL-TIME AUTO BODY, *et al.*,

    Defendants.

Civil Action No. 24-9803 (RK) (JBD)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Neal A. Cowe's ("Plaintiff" or "Cowe") letter regarding his proposed Second Amended Complaint ("SAC") (ECF No. 38, the "Letter"), as well as motions filed by Defendants Riker, Danzig, Scherer, Hyland, Perritti LLP ("Riker Danzig") and McElroy, Deutsch, Mulvaney & Carpenter ("McElroy Deutsch") seeking dismissal of Plaintiff's First Amended Complaint ("FAC") with prejudice. (ECF Nos. 40, 41.) Plaintiff did not respond to either of the motions. Plaintiff also filed a Motion to Compel. (ECF No. 39.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1 For the reasons set forth below, Defendants' motions are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

    The facts and procedural history underpinning both the present matter and its predecessor are eminently familiar to all parties involved, who have been entwined in litigation together for more than seven years. As the Court documented in its April 7, 2025 Opinion, the allegations in Plaintiff's most recent operative pleading, his FAC (ECF No. 29), stemmed entirely from prior litigation—"a different case, before a different judge, and against different defendants." (ECF No.

36 at 2.) That earlier litigation, *Cowe v. Moormann, et al.*, No. 18-49 (D.N.J.) ("*Cowe I*"), was filed on January 2, 2018 and was dismissed after six years when the Honorable Peter G. Sheridan, U.S.D.J. (ret.) granted the defendants' motions for summary judgment. (No. 18-49, ECF Nos. 194, 195, 200.) In *Cowe I*, Plaintiff broadly alleged that he suffered health complications after eating a meal in a friend's car that he contended was emitting a toxic odor. (No. 18-49, ECF Nos. 1, 55.)

After Judge Sheridan dismissed that matter, Plaintiff filed the subject case against seven new Defendants, each of whom had been involved in (but not party to) *Cowe I*. (ECF No. 1.) Three Defendants (including Riker Danzig and McElroy Deutsch) are law firms that represented defendants in *Cowe I*. (*Id.* ¶¶ 65, 86, 104.) Three more Defendants are auto repair shops that were allegedly responsible for Cowe's unsuccessful attempts to produce expert reports necessary to avoid summary judgment in *Cowe I*. (*Id.* ¶¶ 15, 36, 137.) A seventh Defendant, NRS Lifespan, is a healthcare provider that purportedly treated Plaintiff while *Cowe I* was pending. (*Id.* ¶ 54.)

The Court dismissed Plaintiff's complaints in the present matter twice. On January 2, 2025, the Court dismissed Plaintiff's first Complaint for failure to comply with the notice pleading standards of Federal Rule of Civil Procedure ("Rule") 8. (*See* ECF No. 24.) The Complaint was dismissed without prejudice and with leave to amend, to avail Plaintiff an opportunity to cure the deficiencies explicated by the Court in its Opinion. (*Id.* at 2–3.) For example, the pleading listed six causes of action on its front page but drew "no connections between these causes of action, specific facts, or specific defendants." (*Id.*) Contrary to the Court's aspiration, Plaintiff's FAC, filed on February 3, 2025, "stray[ed] even further from Rule 8's requirements." (ECF No. 36 at 16.) This time, in a comprehensive eighteen-paged Opinion that evaluated the FAC claim-by-claim and clearly explained the pleading's many inadequacies, the Court dismissed Plaintiff's FAC without leave to amend. (*Id.* at 17.)

Instead, the Court directed Plaintiff to "file a motion for leave to amend in compliance with Local Civil Rule 15.1 and explain why any further amendment would not be futile," should he intend any further amendment. (*Id.* (citing Fed. R. Civ. P. 15(a)(2); *United States ex. rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)).) As the Court instructed, "[a]t a minimum, the amended pleading *must clearly explain what causes of action [Plaintiff] is asserting as to each defendant.*" (*Id.* (emphasis added).) The Court provided Plaintiff with 30 days to file the required Rule 15 motion, or else his case would be dismissed with prejudice. (*See* ECF No. 37.)

On May 5, 2025, Plaintiff filed the Letter. (ECF No. 38.) Spanning eleven numbered paragraphs, Plaintiff's Letter asserts that he did not respond to the prior motions to dismiss because the case had been marked closed, contends that various defendants are not properly represented, argues that Defendants have committed a "felony" by referencing claims which were not present in his FAC, and avers that this Court is "extremely bias[ed] and prejudicial" against him. (*Id.* at 1–3.) Subsequent to the Letter, Defendants Riker Danzig and McElroy Deutch filed Motions to Dismiss, each arguing that Plaintiff had failed to follow the Court's Order to file a Rule 15 application within 30 days, and therefore the FAC should be dismissed with prejudice. (ECF Nos. 40, 41.)[1]

After a first amendment as of right, Rule 15 allows a party to amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should only be denied where it is apparent from the record that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Schumann*, 769 F.3d at 849. Additionally, "a

---

[1] Plaintiff also filed a Motion to Compel, seeking the Court's enforcement of discovery requests from the *Cowe I* litigation, dating back to October 2019. (ECF No. 39.)

District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Inv. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

"Futility," in the context of a Rule 15 motion, "is governed by the same standard as a [Rule 12(b)(6)] motion to dismiss." *Brown v. Camden City Sch. Dist.*, No. 19-114, 2020 WL 6055070, at *2 (D.N.J. Oct. 13, 2020); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency."). Accordingly, to withstand a futility determination, an amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In this District, any Rule 15 motion must be accompanied by "a copy of the proposed amended pleading" and "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(a)(1)–(2).

Plaintiff's Letter neither cites to Rule 15, nor references the proposed SAC, nor attempts to "explain why any further amendment would not be futile." (*See* ECF No. 36 at 17.) Furthermore, although the Letter includes an attached proposed amended pleading, *see* L. Civ. R. 15.1(a)(1), it does not include a changed pleading with brackets or strikethroughs, *see id.* 15.1(a)(2). There is no basis for the Court to construe Plaintiff's Letter as a Rule 15 motion; it plainly is not one. By extension, Plaintiff has thus failed to comply with the Court's Order to file a Rule 15 motion within

the required 30 days.

Even if the Court *were* to construe Plaintiff's Letter as a Rule 15 motion, the proposed SAC falls woefully short of curing any of the deficiencies in Plaintiff's prior pleadings. Such an amendment would therefore be futile. Indeed, the proposed SAC is nearly identical to the dismissed FAC, except for non-substantive formatting changes and an additional line on the cover page. Whereas the FAC listed a single cause of action, "Invalidate Judgment in the Underlying Case Due to Fraud," the proposed SAC now adds "Enforce Court Order From Civil Contempt." (*Compare* ECF No. 29 at 1 *with* ECF No. 38-1 at 1.) Having not made any changes to the allegations whatsoever, the proposed SAC fails to follow the Court's instruction to "clearly explain what causes of action [Plaintiff] is asserting as to each defendant." (*See* ECF No. 36 at 17.) Plaintiff obviously "chose not to resolve" the deficiencies, even though the Court put him on notice. *See Krantz*, 305 F.3d at 144.

In sum, Plaintiff has failed to comply with the Court's Order by neglecting to file a Rule 15 motion within 30 days and by submitting a proposed pleading that would be futile in stating any claim. Thus, Plaintiff's case must now be dismissed with prejudice.

Accordingly, **IT IS** on this 5th day of September, 2025,

**ORDERED** that Defendants' Motions to Dismiss with Prejudice (ECF Nos. 40, 41) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion to Compel (ECF No. 39) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's First Amended Complaint (ECF No. 29) is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the motions currently pending

at ECF Nos. 39, 40, and 41; and it is further

**ORDERED** that the Clerk of Court is directed to mail this Memorandum Order via USPS to Plaintiff's address on file.

---

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**